# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| US SYNTHETIC CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>SHENZHEN HAIMINGRUN SUPERHARD MATERIALS CO., LTD.,<br><br>    Defendant. | CIVIL ACTION NO. 4:20-cv-03966 |

## UNOPPOSED MOTION TO STAY CASE PENDING OUTCOME OF A PARALLEL U.S. INTERNATIONAL TRADE COMMISSION INVESTIGATION

Defendant Shenzhen Haimingrun Superhard Materials Co., Ltd. ("Haimingrun") respectfully moves under 28 U.S.C. § 1659 for a stay of all proceedings concerning Haimingrun in the above-captioned case until the determination of the United States International Trade Commission ("ITC") in Investigation 337-TA-1236 becomes final. Plaintiff US Synthetic Corporation ("Plaintiff") does not oppose this Motion.

On November 20, 2020, Plaintiff filed the Complaint in this case against Haimingrun asserting infringement of U.S. Patent Nos. 10,508,502 ("the '502 Patent"), 10,507,565 ("the '565 Patent"), and 8,616,306 ("the '306 Patent"). *See* Dkt. No. 1 at ¶ 1. On November 23, 2020, Plaintiff filed a complaint in the ITC against Haimingrun asserting infringement of the same patents. 85 Fed. Reg. at 85661-62. Plaintiff's ITC complaint also asserts the same three patents as well as U.S. Patent Nos. 9,932,274 ("the '274 Patent") and 9,315,881 ("the '881 Patent") against

1

several other parties.[1]  *Id.*  On December 21, 2020, the Commission instituted the Investigation, titled *Certain Polycrystalline Diamond Compacts and Articles Containing Same*, Inv. No. 337-TA-1236, which was published in the Federal Register on December 29, 2020.  85 Fed. Reg. 85661-62.

Under 28 U.S.C. § 1659(a), district court patent claims that involve the same issues as a parallel ITC proceeding are subject to a mandatory stay:

> (a) **Stay.**—In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court ***shall stay***, until the determination of the commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within—
>
> > (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
> >
> > (2) 30 days after the district court action is filed,
>
> whichever is later.

*Id.* (emphasis added).  This statutory provision "requires that the stay of district court proceedings continue until the Commission proceedings are no longer subject to judicial review."  *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007).

This case satisfies both requirements for a mandatory stay.  First, this case involves the same issues as the parallel ITC Investigation because the asserted patents in the ITC Investigation include the same patents asserted in this case.  *Compare* Dkt. No. 1 at ¶ 1 (identifying the patents at issue in this action) *with* 85 Fed. Reg. at 85661 (identifying the patents at issue in the ITC investigation).  The ITC Investigation also includes the same parties and same accused products

---

[1] The '274 Patent and '881 Patent are not asserted against Haimingrun in Plaintiff's ITC complaint.

as this case. *Compare* Dkt. No. 1 at ¶¶ 3-6, 20-22 *with* 85 Fed. Reg. at 85661-62. Second, Haimingrun's request is timely under § 1659 because it was filed within 30 days of the Notice of Institution of ITC Investigation No. 337-TA-1236 naming Haimingrun as a respondent. *See* Notice of Institution dated December 21, 2020. Haimingrun is thus entitled to a mandatory stay of this proceeding under 28 U.S.C. § 1659(a). *See In re Princo Corp.*, 478 F.3d at 1353–54. In requesting this stay, Haimingrun expressly reserves any and all of its objections, defenses, and counterclaims, including, but not limited to, any defenses based on lack of service, lack of jurisdiction, and improper venue.

For these reasons, Haimingrun respectfully requests that this Court enter an Order (Proposed Order attached) staying this action pending the final resolution of the corresponding ITC Investigation No. 337-TA-1236.

Dated: January 19, 2021

Respectfully submitted,

By: */s/ Darlene F. Ghavimi*
Darlene F. Ghavimi, Attorney-in-Charge
TX Bar No. 24072114
SDTex. No. 1268315
Darlene.Ghavimi@klgates.com
2801 Via Fortuna, Suite 350
Austin, Texas 78746
512.482.6800

*Counsel for Defendant Shenzhen Haimingrun Superhard Materials Co., Ltd.*

## CERTIFICATE OF SERVICE

I declare that on January 19, 2021, a copy of this document has been served by the Court's CM/ECF system on all counsel of record who have made an appearance in this case and consented to email service.

*/s/ Darlene F. Ghavimi*
Darlene F. Ghavimi
